UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kenneth Steven Daywitt, et al., | Case No. 18-cv-3430-DWF-ECW |
| Plaintiffs, | |
| v. | **ORDER** |
| MN Dept. of Human Services, et al., | |
| Defendants. | |

---

This action comes before the Court on Plaintiffs' "Motion to Allow Monthly ITV Communication Between Plaintiffs'" ("the ITV Motion") (Dkt. 9) and Plaintiffs' Motion and Memorandum in Response to Defendants['] Motion and Memorandum for Extension of Time to Answer or Otherwise Respond to Plaintiffs' Complaint ("Extension Response") (Dkt. 25). Defendants oppose the ITV Motion and did not respond to the Extension Response. (Dkt. 34.)

In December 2022, Defendants sought an extension of time to answer the complaint in which Defendants also stated they had not been served with the ITV Motion and would respond "if necessary after the Court resolves Defendants' anticipated motion to dismiss." (Dkts. 18, 20.) Plaintiffs did not object to the extension but asked the Court to order Defendants to respond to the ITV Motion. (Dkt. 25 at 1-2.)

The Court denies Plaintiffs' request as moot. On November 18, 2022, the Court

ordered Defendants to respond to the ITV Motion simultaneously with their response to the complaint. (*See* Dkt. 12 ¶ 6.) On December 13, 2022, the Court granted Defendants' request for extension of time, and ordered Defendants to respond to the ITV Motion by February 10, 2023. (*See* Dkts. 24, 27.) Defendants filed their opposition to the Motion on February 10, 2023, the same day they filed their Motion to Dismiss. (Dkts. 28, 34.) As such, Plaintiffs' request that the Court order Defendants to respond to the ITV Motion is denied as moot.

Next, in the ITV Motion, Plaintiffs ask the Court to order Defendants to allow Plaintiffs "to have monthly ITV meetings to allow for them to effectively litigate the specifics of the case captioned above related to motion practice, responding to and serving discovery requests, [and] preparation for taking depositions." (Dkt. 9 at 1.) Plaintiffs claim in the Motion that they "are in two different locations" and have no "access to each other" except through United States Postal Service mail, which they claim is ineffective because it is slow and distribution of mail to them takes time. (*Id.* at 1-2; *see also* Dkt. 37 at 2-3.) Plaintiffs further claim that when Plaintiffs in the Moose Lake, Minnesota facility send mail to Plaintiffs in the St. Peter, Minnesota facility, "there is a good possibility" that Plaintiffs in the St. Peter facility would not receive it and instead receive a "contraband notice for 'transfer of property.'" (Dkt. 9 at 2; *see also* Dkt. 37 at 3, 6-7.) Plaintiffs argue that they are "disadvantage[d] as they are not represented" and due to the inability to communicate as "Defendants do with their counsel and amongst themselves." (Dkt. 9 at 2.)

2

Defendants respond that the ITV Motion should be construed as one for preliminary injunction as it seeks an extraordinary injunctive relief and that the factors enumerated in *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981), weigh against granting relief; that Plaintiffs have the ability to communicate but instead seek a preferred means other than through mail or through a third party; and that the ITV Motion is not brought under or recognized by any Rules of Civil Procedure.  (Dkt. 34 at 1-7.)

The Court declines the invitation to treat the ITV Motion as a preliminary injunction motion.  *See Daywitt v. Harpestead*, Case No. 20-cv-1743 (NEB/ECW), Dkt. 234 (May 2, 2022) ("While it is true that the motion asks the Court to direct action on the part of Defendants, because the motion seeks action on the part of Defendants that relates to the litigation process, the Court does not view this motion as a request for a preliminary injunction.  That said, . . . Plaintiffs have no constitutional right to demand that Defendants give them special accommodations for the purpose of enabling them to effectively litigate their case.").  As to the ITV Motion's merits, Plaintiffs were able to timely respond to Defendants' Motion to Dismiss with an opposition filed on March 1, 2023 that contains s/signatures for all three Plaintiffs, and also filed a reply in support of the ITV Motion on the same day.  (Dkts. 37, 38.)  Given that briefing on the Motion to Dismiss is complete (Dkts. 30, 38, 40), there is no need for Plaintiffs to communicate by ITV for this litigation at this time.  The Court therefore denies the ITV Motion without prejudice.  If the case survives the Motion to Dismiss, Plaintiffs may renew their ITV

Motion at that time.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiffs Motion to Allow Monthly ITV Communication Between Plaintiffs' (Dkt. 9) is **DENIED WITHOUT PREJUDICE**; and

2. Plaintiffs' request in the Motion and Memorandum in Response to Defendants['] Motion and Memorandum for Extension of Time to Answer or Otherwise Respond to Plaintiffs' Complaint (Dkt. 25) is **DENIED AS MOOT**.

Dated: July 31, 2023              *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge