UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth Steven Daywitt, Kenneth Gernard Parks, and Tyler Paul Gephart,<br><br>Plaintiffs,<br><br>v.<br><br>Minnesota Department of Human Services, Minnesota Sex Offender Program, and Emily Johnson Piper, Jannine Hebert, Dr. Lauren Herbert, Nancy Johnston, and Peter Puffer, *in their individual and official capacities*,<br><br>Defendants. | Civil No. 18-3430 (DWF/ECW)<br><br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

This matter is before the Court on Defendants[1] motion to dismiss. (Doc. No. 28.) Plaintiffs Kenneth Steven Daywitt, Kenneth Gernard Parks, and Tyler Paul Gephart (collectively, "Plaintiffs") oppose the motion. (Doc. No. 38.) For the reasons set forth below, the Court grants Defendants' motion to dismiss.

## BACKGROUND

Plaintiffs are involuntarily committed to the Minnesota Sex Offender Program ("MSOP"). Plaintiffs allege that the Minnesota Commitment and Treatment Act ("MCTA") is unconstitutional. (Doc. No. 1 ("Compl.") ¶¶ 93-116.) They further allege

---

[1]  Motion Defendants include all Defendants in their individual and official capacities. (Doc. No. 30 at 2 n.2.)

that Defendants have violated the MCTA and their due process rights under the Fourteenth Amendment and the Minnesota Constitution.  (*Id.* ¶¶ 117-31.)  Lastly, Plaintiffs allege that Defendants' search policies and procedures violate their Fourth Amendment rights.  (*Id.* ¶¶ 132-38.)

The case was stayed pending the resolution of a related class action.  (Doc. No. 5.)  After the Court lifted the stay in October 2022, Defendants filed a motion to dismiss.  (Doc. No. 28.)  Plaintiffs oppose the motion.  (Doc. No. 38.)

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  The pleading standard in Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] pro se complaint, even inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed if the plaintiff fails to allege sufficient facts to state a facially plausible claim to relief." *Rinehart v. Weitzell*, 964 F.3d 684, 687-88 (8th Cir. 2020) (internal quotations and citation omitted).  While *pro se* complaints are to be construed liberally, "the complaint

2

must still allege sufficient facts to support the claims advanced" and otherwise adhere to the pleading standard. *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019). A court is not required to "mine a [lengthy] complaint searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (internal quotations and citation omitted).

I.  **Claim Preclusion**

Defendants argue that Plaintiffs' claims are precluded because the claims were litigated or could have been litigated in a prior case: *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL) ("*Karsjens*").

Claim preclusion applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (internal quotations and citation omitted). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Plough v. W. Des Moines Comm. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) (internal quotations and citation omitted).

The first three elements are not in dispute. *Karsjens* resulted in a final judgment on the merits. The Court dismissed the class members' claims by a final judgment.

3

*Karsjens v. Harpstead*, No. 11-cv-3659, 2022 WL 542467 (D. Minn. 2022). The Eighth Circuit subsequently affirmed. *Karsjens v. Harpstead*, 74 F.4th 561 (8th Cir. 2023). The suit was also based on proper jurisdiction. *Id.* at 565. Additionally, both suits involve the same parties or those in privity with them. Plaintiffs were class members in *Karsjens*, and Defendants Emily Johnson Piper, Jannine Hebert, Nancy Johnston, and Peter Puffer were named defendants. The remaining Defendants are in privity with the defendants from *Karsjens* as all are alleged Minnesota Department of Human Services officials or entities "sued in connection with their alleged roles and responsibilities as representatives of MSOP." *Greene v. Benson*, No. 11-cv-979, 2023 WL 3815422, at *5 (D. Minn. June 5, 2023).

The parties dispute the final element: whether the suits are based upon the same claims or causes of action. In this case, Plaintiffs' claims closely track claims brought in *Karsjens*. Plaintiffs' Claims 1 and 2, alleging that the MCTA is unconstitutional on its face and as applied, are nearly identical to Claims 1, 2, and 6 in *Karsjens*. (*Compare* Comp. ¶¶ 93-116, *with Karsjens*, No. 11-cv-3659, Doc. No. 635 ("*Karsjens* TAC") ¶¶ 226-53, 284-91.) Similarly, Plaintiffs' Claim 3 (Failure to Provide Treatment in Violation of the Minnesota Civil Commitment and Treatment Act) and Claim 4 (Denial of Right to be Free from Punishment) are the same as Claims 4 and 5 in *Karsjens*. (*Compare* Compl. ¶¶ 117-131, *with Karsjens* TAC ¶¶ 262-83). Finally, Plaintiffs' Claim 5 (Unreasonable Searches and Seizures in Violation of the Fourth Amendment) is the same as Claim 10 in *Karsjens*. (*Compare* Compl. ¶¶ 132-38, *with Karsjens* TAC ¶¶ 316-25.)

4

While Plaintiffs assert that their claims are not identical to those in *Karsjens*, their claims are nonetheless barred.  "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Plough v. W. Des Moines Comm. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) (internal quotations and citation omitted).  Because Plaintiffs' claims rely on the same nucleus of operative fact as the claims in *Karsjens*, their claims are precluded.

## II.     Claims Under the Minnesota Constitution

Plaintiffs also assert unreasonable search and seizure claims and due process claims under the Minnesota Constitution.  "[T]he Minnesota Legislature has not enacted a statutory claim to monetary relief for state constitutional violations and the Minnesota Supreme Court has not recognized such a claim." *Yazzie v. Moser*, No. 12-cv-399, 2014 WL 3687110, at *4 (D. Minn. July 24, 2014) (dismissing unreasonable search and seizure claims under the Minnesota Constitution); *see Honan v. County of Cottonwood*, No. A04-1636, 2005 WL 2077277, at *4 (Minn. Ct. App. Aug. 30, 2005) ("Minnesota courts have consistently held that there is no private right to monetary damages for deprivation of due process rights under the Minnesota Constitution.").  Injunctive relief is also unavailable.  "Absent waiver by the state, a federal court has no power to order a state officer exercising delegated authority to comply with duties imposed by state law." *Grand River Enters. Six Nations, Ltd. v. Beebe*, 467 F.3d 698, 701-02 (8th Cir. 2006).  Plaintiffs' claims under the Minnesota Constitution are therefore dismissed.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss Plaintiffs' complaint (Doc. No. [28]) is **GRANTED**.

2. Plaintiffs' claims against all Defendants in their official and individual capacities are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINLY.**

Dated: August 25, 2023                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge